IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PHILLIP MICHAEL ERAVI,               )
                                     )
            Plaintiff,               )
                                     )
vs.                                  )          Case No. 5:25-cv-04074-HLT-ADM
                                     )
CRAIG OWENS, et al                   )
                                     )
            Defendants.              )

**MEMORANDUM IN SUPPORT OF DEFENDANTS OWENS, LITTLEJOHN, BRIXIUS, LESLIE AND MILLER'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

## I.    INTRODUCTION

Plaintiff's Complaint (Doc. 1) does not contain facts that support a cause of action against Defendants Craig Owens ("Owens"), Bart Littlejohn ("Littlejohn"), Anthony Brixius ("Brixius"), Matthew Leslie ("Leslie") and James Miller ("Miller") and dismissal is warranted. Plaintiff alleges that Defendants Owens and Littlejohn deprived him of his right to due process and along with Defendants Brixius, Leslie and Miller deprived him of his right to free speech and retaliated against in him, in violation of his First Amendment Rights. Plaintiff further alleges a claim for malicious prosecution pursuant to 42 U.S.C. §1983 against Defendants Littlejohn, Brixius and Leslie. Plaintiff also purportedly seeks Declaratory Relief as to all Defendants.

Defendants are protected by qualified immunity because they did not engage in conduct that violated Plaintiff's constitutional rights and did not violate any right that was clearly established.

For these reasons, detailed below, dismissal is warranted pursuant to Rule 12(b)(6).

## II.    STATEMENT OF FACTS

The following are relevant facts from Plaintiff's Complaint related to the moving Defendants. All facts are not restated herein, as they are not necessary to evaluate this Motion to Dismiss. On August 8, 2023, Plaintiff was ejected from a Commission meeting after Plaintiff stated he was not going to

change the tone or nature of his public comments. (Doc. 1, ¶18). Defendant Miller then made Plaintiff leave the building. *Id.* ¶19. Plaintiff then waited outside to interview Littlejohn who declined to comment and Plaintiff continued to ask questions. *Id,* ¶20. On August 21, 2023, following repeated violations of the City's public comment policies, disruptive behavior during commission meetings and safety concerns for the governing body and members of the public, the City restricted Plaintiff from in-person attendance at City Commission meetings for a period of 60 days. *Id.* ¶¶70,71. The City also restricted Plaintiff from City Hall and the parking structure adjacent to City Hall for thirty minutes before and after commission meetings. *Id.*

Subsequently, Plaintiff again attended City Commission meetings in person. *Id.* ¶22. On September 10, 2024, Littlejohn warned Plaintiff about being disruptive after he told Littlejohn to hold his side comments and called the meeting a damn clown show and then continued to talk over Littlejohn at which point Littlejohn asked that Plaintiff be removed from the meeting. *Id.* ¶25, 26, 27). Brixius informed Plaintiff he was being criminally trespassed and Leslie issued him a Notice to Appear. *Id.* ¶29). The criminal trespass charge was subsequently dismissed by the City Prosecutor. *Id.* ¶32

## III.    STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss challenges the legal sufficiency of the complaint itself. *See MacArthur v. San Juan Cnty.*, 309 F.3d 1216, 1221 (10th Cir. 2002); Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "Two working principles underlie this standard. 'First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.' (citation omitted.) 'Thus, mere "labels and conclusions," and "a formulaic recitation of the elements of a cause of action" will not suffice; a plaintiff must offer specific factual allegations to support each

claim.'" *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1236 (10th Cir. 2013). Second, a complaint must state a "plausible claim for relief" to survive a motion to dismiss. *Burnett*, 706 F.3d 1236 (quoting *Iqbal*, 556 U.S. at 679). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (internal citation omitted). In making this determination, the Court "must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-23 (2007). "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).

## IV.     ARGUMENTS AND AUTHORITIES.

### A.  Qualified Immunity Bars Plaintiff's Claims Against Owens, Littlejohn, Brixius, Miller and Leslie.

"The doctrine of qualified immunity shields officials from civil liability so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Sanchez v. Guzman*, 105 F.4th 1285, 1292 (10th Cir. 2024), *cert. denied*, 145 S. Ct. 1052 (2025) (internal quotations omitted). When, as here, §1983 defendants assert qualified immunity, "this affirmative defense creates a presumption that [the defendant is] immune from suit." *Id*. (internal quotations omitted).

Once qualified immunity is asserted, "the plaintiff bears the burden to demonstrate that the defendant violated his constitutional rights and that the right was clearly established." *Callahan v. Unified Government of Wyandotte County*, 806 F.3d 1022, 1027 (10th Cir. 2015) (citation omitted). "If the plaintiff fails to satisfy either prong of qualified immunity, his suit fails." *Hemry v. Ross*, 62

F.4th 1248, 1253 (10th Cir. 2023). The Court is not required to address both prongs. *Id.* (citation omitted). To avoid application of qualified immunity, Plaintiff is required to establish that "(1) the defendant officer violated a clearly established constitutional right; and (2) the infringed right at issue was clearly established at the time of the allegedly unlawful activity such that 'every reasonable official would have understood what he was doing' violated the law." *Kerns v. Bader*, 663 F.3d 1173, 1180 (10th Cir. 2011) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 735, 131 S.Ct. 2074, 179 L.Ed.2d 1149 (2011)). This is a "heavy, two-part burden" that the plaintiff must meet. *Medina v. Cram*, 252 F.3d 1124, 1128 (10th Cir. 2001) (quoting *Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995)). This burden holds surmountable weight because it is presumed that law enforcement officers "are immune from lawsuits seeking damages for conduct they undertook in the course of performing their jobs." *Kerns*, 663 F.3d at 1180 (10th Cir. 2011). Failure on either element is fatal to the plaintiff's claims. *Id.*

Plaintiff fails to satisfy either part of the heavy, two-part burden and qualified immunity applies requiring dismissal of Plaintiff's claims.

1. <u>Plaintiff Fails to Support a Claim for First Amendment Retaliation or Retaliatory Arrest (COUNT IV)</u>.

a.    *Plaintiff does not state a claim for First Amendment Retaliation.*

Plaintiff alleges that restricting him from in-person attendance at City Commission meetings and prohibiting him from being on City Hall property or in the adjacent City Parking Lot for 30 minutes prior to and after City Commission meetings was an impermissible restriction as to Plaintiff and/or was in retaliation for his exercise of rights under the First Amendment. (Doc. 1, ¶¶71,76,84,113,124). To state a claim for government retaliation for exercising a First Amendment right, a plaintiff must show: (a) that he was engaged in constitutionally protected activity; (b) that the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (c) the defendant's adverse action was substantially motivated as a

response to the plaintiff's protected speech. *Van Deelen v. Johnson*, 497 F.3d 1151, 1155-56 (10th Cir. 2007). (citing *Worrell v. Henry*, 219 F.3d 1197, 1212 (10th Cir. 2000) (internal quotation marks and citation omitted)).

As discussed in *Spiehs v. Larsen*, the City's policy restricting public-comment to the "germane business of the Governing Body" is a reasonable restriction on speech tailored to serve the interest of efficiently running a meeting. No. 23-4107-JAR-BGS, 2025 WL 721946, at *5 (D. Kan. Mar. 6, 2025). Defendant Littlejohn, as a City Commissioner, had authority to enforce reasonable restrictions on speech to conduct public meetings in an efficient and orderly manner. *Id.; Shero v. City of Grove, Okla.,,* 510 F.3d 1196, 1204 (10th Cir. 2007) (upholding grant of official immunity to city employees for "limiting a plaintiff's speaking time at a city council meeting."). Plaintiff's removal from commission meetings did not violate his first amendment rights[1]. Plaintiff was not removed from meetings because of constitutionally protected activity, he was removed for violating the reasonable restrictions set forth in the City's policy.

On September 10, 2024, Plaintiff was removed for being disruptive in violation of the City's public-comment policies and ultimately removed from the meeting. (Doc. 1, ¶24-27). Defendant Littlejohn determined that Plaintiff persistently talking over him was disruptive to the orderly meeting and asked that Plaintiff be removed which does not support a violation of the First Amendment. *See Gilmore*, 2022 WL 3139023, at *8 (reasoning for a school board to function, it must be allowed to keep its meetings in order, which includes allowing the presiding officer "to make judgment calls and 'regulate irrelevant debate'"); *Jones v. Heyman*, 888 F.2d 1328, 1332 (11th Cir. 1989) (holding no First Amendment violation where mayor's actions to remove plaintiff from meeting "resulted not from disapproval of [plaintiff's] message but from [plaintiff's] disruptive conduct and failure to

---

[1] Plaintiff's allegations surrounding meetings on January 10, 2023, February 21, 2023 and May 16, 2023 are all outside the statute of limitations and should not be considered.

adhere to the agenda item under discussion"); *Youkhanna v. City of Sterling Heights*, 934 F.3d 508, 523 (6th Cir. 2019) ( "It is common sense that a government body should be allowed to remove people who are disrupting a public meeting[.]"). Plaintiff's actions of interrupting and disregarding instructions from the City Commission that disrupted the ability to conduct the public meeting, not any protected speech, led to his removal from Commission meetings.

This is also true with regard to the restrictions imposed in Defendant Owens August 21, 2023 letter. The letter is attached hereto as **Exhibit A**, which may properly be considered by the Court because Plaintiff references it in the Complaint (Doc. 1, ¶71) and because it is central to Plaintiff's claims. *Alvarado v. KBOTV, L.L.C.,* 493 F.3d 1210, 1215 (10th Cir. 2007) (citation and internal quotation omitted). Restricting Plaintiff from in-person attendance at City Commission Meetings and certain public property for a period of time before and after meetings was viewpoint neutral and did not violate the First Amendment. The letter was issued pursuant to Owens' authority as City Manager. (City Code, Ch. 1, Article 3, attached hereto as **Exhibit B**). Section 1-305, vests the City Manager the authority, with good and lawful cause, "to order any individual not to enter, to leave, or not to return to any property owned or leased by the City of Lawrence." (City Code, Ch. 1, Article 3; 305(C)). Defendant Owens had the authority to prohibit individuals from entering or returning to City property with good and lawful cause. Good and lawful cause existed to order Plaintiff not to enter or return to specific City property for a period of 60-days based on Plaintiff's repeated violation of the City's public-comment policy and threats made to members of the governing body and the public. (**Exhibit A**). Specifically, Plaintiff's continued disruption of the commission meeting after being removed from the same and threatened not only members of the governing body, but others. Defendant Owens was enforcing the City Commission's policies – decorum during city meetings and restricting access to property owned by the City pursuant to his power as the City Manager.

Defendant Owens was not discriminating against Plaintiff's viewpoints; rather, he was enforcing

a reasonable restriction based on Plaintiff's violations of City policy and to maintain the safety of the governing body and the public. As held in *Ward v. Rock Against Racism*, the government may impose reasonable restrictions on the time, place, or manner of protected speech. 491 U.S. 781, 791, 109 S. Ct. 2746, 2753, 105 L. Ed. 2d 661 (1989). The restrictions on in-person attendance at meetings and access to City Hall and the parking structure for thirty minutes before and after commission meetings were narrowly tailored to serve the significant governmental interest in maintaining the decorum of meetings and the safety of the public. The restrictions left open ample alternative channels for communication, specifically the ability to participate in City Commission meetings virtually. (**Exhibit A**). The Complaint confirms that the City's policies and temporary restrictions on in-person attendance did not chill Plaintiff from speaking, as he attended subsequent City Commission meetings, specifically on September 10, 2024, and continued to offer public comment. (Doc. 1, ¶22).

Plaintiff was not engaged in constitutionally protected activity, rather he was disrupting commission meetings in violation of the City's policies and engaging in threatening conduct. The letter restricting Plaintiff from in-person attendance at meetings and in certain public areas for a limited period of time was enforcing constitutionally permissible restrictions, not discriminating against the viewpoints of Plaintiff's speech. Plaintiff did not suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity. Plaintiff had available alternative means to communicate with the City Commission through virtual participation in meetings. The restrictions imposed in the August 21, 2023 letter were clearly in response to Plaintiff's conduct, not to protected speech. Similar to *Shero,* Plaintiff's Complaint confirms that he remained free to express his views and communicate with the City Commission. 510 F.3d 1196, 1204 (10th Cir. 2007) (citation omitted). Plaintiff's removal from meetings was based on his disruptive conduct and violation of the public comment policies, not for engaging in constitutionally protected activity. Plaintiff fails to support a claim for First Amendment retaliation.

b.      *Plaintiff does not state a claim for Retaliatory Arrest.*

"In addition to the three *Worrell* elements, a First Amendment retaliation claim based on a false arrest requires a separate 'threshold showing' – generally, a plaintiff must show a false arrest." *Id.* (citing *Hinkle v. Beckham Cnty. Bd. of Cnty. Comm'rs*, 962 F.3d 124, 1227 (10th Cir. 2020) (citing *Nieves v. Bartlett*, 139 S.Ct. 1715, 1727 (2019))). "The 'plaintiff pressing a retaliatory arrest claim must plead and prove the absence of probable cause for the arrest.'" *Id.* (dismissing complaint for retaliatory arrest because plaintiff could not plausibly plead the absence of probable cause for his arrest when he was not arrested for his speech, but instead for criminal trespass and disorderly conduct, which plaintiff was convicted of and did not plead as invalidated) (internal citations omitted). "Probable cause to arrest exists when the 'facts and circumstances within the officers' knowledge, and of which they have reasonably trustworthy information, are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed." *Fasbinder v. City of Overland Park*, No. 09-2043-JAR, 2010 WL 1930974, at *8 (D. Kan. 2010). Put another way, "[a]s long as the officer had reason to believe that any crime had occurred, probable cause exists to support the arrest." *Sigg v. Allen County, Kansas, Board of County Commissioners*, 712 Fed. App'x. 738, 741 (10th Cir. 2017) (citing *Turner*, 553 F.3d at 1344-45 (additional citations omitted)).

On August 8, 2023, Defendant Miller made Plaintiff leave City Hall, at the direction of Mayor Larson for violation of the City's decorum rules. (Doc. 1, ¶¶ 18, 19). Plaintiff does not allege that Defendant Miller arrested him, only that Miller made Plaintiff leave the meeting. On September 10, 2024, Defendants Brixius and Leslie removed Plaintiff from City Hall after Plaintiff had been trespassed for violations of the City's policies and he was issued a notice to appear. (Doc. 1, ¶¶ 25-29). Again, Plaintiff was not arrested on September 10, 2024. (Doc. 1, ¶ 29). Plaintiff asserts that Defendants Miller, Brixius and Leslie violated his First Amendment Rights by enforcing the City's policy. Thus, the inquiry is whether reasonable individuals in the Defendants' positions would

understand that escorting Plaintiff out of the meeting and property at the direction of the City Commission violated the First Amendment. *Gilmore v. Beveridge*, No. 222CV02032HLTRES, 2022 WL 17082681, at *5 (D. Kan. Nov. 18, 2022). In other words, officers are entitled to qualified immunity when no officer in their position would have understood that acting in obedience to a presumptively valid request of a City Commissioner to remove a citizen for violation of the City's public comment policies and issuing a Notice to Appear after being trespassed would violate that citizen's First Amendment rights. *Id*. at *7. Additionally, the Complaint supports the existence of probable cause for issuing a citation to Plaintiff for trespassing. Paragraph 29 states dialogue that details Plaintiff was asked to leave by Mayor Littlejohn after disrupting the meeting, asked to leave by Defendant Brixius, refused to do so. And was thereafter issued a citation. Similar to the plaintiff in *Fenn v. City of Truth or Consequences*, probable cause existed to issue Plaintiff a citation for trespass because he had been provided notice that he was not allowed to remain in the meeting after violating City policy, and despite this knowledge refused to leave. 983 F.3d 1143, 1148 (10th Cir. 2020) (internal quotation marks omitted), cert. denied, 142 S. Ct. 111 (2021). Existence of probable cause precludes a claim for First Amendment retaliatory arrest. The Complaint is devoid of any allegations that Defendants Miller, Brixius or Leslie's actions were grossly and flagrantly unconstitutional. Additionally, there is no authority that would put Defendants Miller, Brixius or Leslie on notice that their actions were unconstitutional or violated a clearly established constitutional right.

Defendants Owens, Littlejohn, Miller, Brixius and Leslie are entitled to qualified immunity and Count IV should be dismissed for failure to state a claim pursuant to Rule 12(b)(6).

2.    <u>Plaintiff Fails to Support a Claim for Malicious Prosecution (COUNT VI).</u>

A section 1983 claim for malicious prosecution requires a plaintiff show: "1) the defendant caused plaintiff's continued confinement or prosecution; 2) the original action terminated in plaintiff's favor;

3) there was no probable cause to support the original arrest, continued confinement or prosecution; 4) the defendant acted with malice; and 5) plaintiff sustained damages." *Townsend v. Marengo*, No. 21-3285-SAC, 2022 WL 266810, at \*3 (D. Kan. 2022). "A plaintiff presenting a claim for malicious prosecution must supply more than conclusory allegations." *Horocofsky v. City of Lawrence*, No. 20-2529-EFM, 2022 WL 1421554, at \*23 (D. Kan. 2022) (citing *see Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs*, 263 F.3d 1151, 1154-55 (10th Cir. 2001) ("dismissing malicious prosecution claim based on conclusory allegations of an absence of probable cause")). Malicious prosecution claims under section 1983 are grounded in the Fourth Amendment right to be free from unreasonable seizure. *Becker v. Kroll*, 494 F.3d 904, 914 (10th Cir. 2007). Violation of the Fourth Amendment requires an intentional acquisition of physical control. *Abukar v. Guieb*, No. CV 24-2316-KHV, 2024 WL 4679209, at \*4 (D. Kan. Nov. 5, 2024) (citing *Brower v. County of Inyo*, 489 U.S. 593, 596 (1989). For purposes of a malicious prosecution claim, plaintiff must allege a seizure in the form of either an arrest or imprisonment. *Id.* (citing *Becker*, 494 F.3d at 914). An arrest constitutes a seizure only when the officer "by means of physical force or show of authority, has in some way restrained the liberty of a citizen." *Id.* (citing *U.S. v. Mendenhall*, 446 U.S. 544, 552 (1980)).

Plaintiff does not allege that he was arrested on September 10, 2024, only that he was issued a notice to appear. Citations with a notice to appear are not Fourth Amendment seizures for purposes of malicious prosecution claims. *Leon v. Summit Cnty.,* 755 F. App'x 790, 796 (10th Cir. 2018). "A complaint and notice to appear is not equivalent to a seizure under the Fourth Amendment, even if plaintiff styles it as an "arrest."" *Abukar*, 2024 WL 4679209, at \*5, *Martinez v. Carr*, 479 F.3d 1292, (10th Cir. 2007) ("issuance of a citation, even under threat of jail if not accepted, does not rise to the level of a Fourth Amendment seizure") (collecting cases where other circuits found citation not seizure under Fourth Amendment). Plaintiff does not plausibly allege that his removal from the September 10, 2024 meeting and issuance of a notice to appear constituted a seizure under the Fourth

Amendment and therefore fails to state a claim for malicious prosecution pursuant to 42 U.S.C. § 1983.

Further, as detailed, *supra*, probable cause existed to issue Plaintiff a citation for trespass because he had been provided notice that he was not allowed to remain in the meeting after violating City policy, and despite this knowledge refused to leave. The Tenth Circuit has framed the qualified-immunity question as turning on "whether there was arguable probable cause for the challenged conduct." *Musick v. Prairie Band Potawatomi Nation*, No. 24-2299-DDC-TJJ, 2025 WL 1952519, at *8 (D. Kan. July 16, 2025) (citing *Bledsoe v. Carreno*, 53 F.4th 589, 615 (10th Cir. 2022) (quotation cleaned up)). "Arguable probable cause is another way of saying that the officers' conclusions rest on an objectively reasonable, even if mistaken, belief that probable cause exists." *Id*. Defendants had probable cause to issue Plaintiff a citation for trespass based on his refusal to leave after violating the City's policies.

Because Plaintiff has not plausibly alleged that Defendants Littlejohn, Brixius or Leslie seized him, Plaintiff fails to allege a deprivation of a constitutional right and Defendants are entitled to qualified immunity and dismissal of Count VI.

3.    Plaintiff's Purported Constitutional Rights Were Not Clearly Established.

Even if Plaintiff alleged sufficient facts to support a constitutional violation, Plaintiff fails to establish that Defendants Owens, Littlejohn, Miller, Brixius or Leslie violated a right that was "clearly established." The demanding "clearly established" standard protects "'all but the plainly incompetent or those who knowingly violate the law.'" *D.C. v. Wesby*, 583 U.S. 48, 63 (2018) (quotation omitted). "[N]early every right – if viewed at a sufficiently high level of generality – is clearly established." *Wood v. Welch*, No. 22-2279-DDC, 2024 WL 2880405, *6 (D. Kan. 2024). To determine whether the right was clearly established, the court must engage in a 'narrowly tailored and context-specific exercise.' *Id.* (citations omitted). To be clearly established, the contours of the right must be

sufficiently clear so the official would know what he or she was doing violated the right. *Martley v. Basehor, Kansas, City of,* 537 F. Supp. 4d 1260, 1267 (D. Kan. 2021) (internal citation omitted). To place the constitutional question beyond debate, the law must be "black and white." *Wood,* 2024 WL 2880405 at *9. Further, with respect to the Officer Defendants, the Court cannot "second-guess judgments of law enforcement with the benefit of hindsight." *Callahan v. Unified Government of Wyandotte County*, 806 F.3d 1022, 1027 (10th Cir. 2015).

There is no Tenth Circuit or Supreme Court case, or clear authority from other courts that would place Defendants Owens or Littlejohn on notice that any of their actions in enforcing the City's policies on public comment, violated a clearly established constitutional right. Even if some portion of the City's public-comment policy or action taken under the policy was found unconstitutional (which is denied), this does not preclude application of qualified immunity. *Frasier*, 992 F.3d at 1022 ("'If judges [] disagree on a constitutional question, it is unfair to subject police to money damages for picking the losing side of the controversy.'"); *MacQuigg v. Albuquerque Pub. Sch. Bd. of Educ.*, No. CV 12-1137 MCA/KBM, 2015 WL 13659218, at *5 (D.N.M. Apr. 6, 2015) (recognizing holding personal attack policies viewpoint based arguably conflicts with Justice O'Connor's plurality opinion in *Boos v. Barry*, 485 U.S. 312 (1988) and discussing cases finding policies against personal attacks content-neutral, including District of Kansas case).

Decisions from this Court demonstrate that Owens and Littlejohn's enforcement of public comment policies in a limited public forum did not violate a plaintiff's right to free speech. *Spiehs*, 2024 WL 5107274 at *6. Because there is no Tenth Circuit or Supreme Court case, or clear authority from other courts, that places Owens and Littlejohn's conduct "beyond debate," they are entitled to qualified immunity. *Thompson v. Ragland*, 23 F.4th 1252, 1255 (10th Cir. 2022). "If qualified immunity is to mean anything, it must mean that public employees who are just doing their jobs are generally immune from suit." *Lewis v. Tripp*, 604 F.3d 1221, 1230 (10th Cir. 2010).

As to Defendants Miller, Brixius and Leslie, when analyzed under the proper standards of context-specific contours, the law was not clearly established. In *Mocek v. City of Albuquerque*, the Tenth Circuit affirmed qualified immunity for the defendants on the plaintiff's First Amendment retaliation claim. 813 F.3d 912, 931-932 (10th Cir. 2015). The Court reasoned that it was not clearly established that a plaintiff could show the requisite motive for his arrest for retaliation based on his speech, when the officers' arrest was arguably supported by probable cause. *Id.* at 931. That is, "[r]egardless of [the] [o]fficer []'s motivations, he could have reasonably believed he was entitled to arrest [plaintiff] as long as he had probable cause." *Id.* at 932.

Plaintiff cannot satisfy the basic elements of these claims, let alone meet the added burden of demonstrating Defendants Owens, Littlejohn, Miller, Brixius or Leslie violated any purported "clearly established" constitutional right. Defendants Owens, Littlejohn, Miller, Brixius or Leslie are protected by qualified immunity and dismissal is warranted.

C.   **Plaintiff Fails To Support a Claim for Violation of Due Process (COUNT III)**.

There was no violation of Plaintiff's First Amendment Rights, and therefore no claim for due process violation. As this Court has held, any due process claim Plaintiff asserts based on a First Amendment violation is subsumed into the First Amendment analysis. *Gilmore,* 2022 WL 17082681, at *8 (citing *Hirt v. Unified Sch. Dist. No. 287*, 17-2279, 2018 WL 6326412, at *9 (D. Kan. Dec. 4, 2018). ("[A]ny due-process claims based on First Amendment violations are subsumed into the First Amendment analysis.")). Because there was no violation of Plaintiff's First Amendment Rights, Plaintiff cannot maintain a claim for violation of his right to due process and Count III must be dismissed.

D.   **Plaintiff Fails to Support a Claim for Declaratory Relief (COUNT V)**.

The Complaint states that Count V is brought against all defendants, however, the issues surround claims asserted in Counts I and II of the Complaint which have been fully briefed in

Defendant Larson and Seller's Motion to Dismiss and supporting Memorandum. (Docs. 8 and 9). These arguments are incorporated herein and based on the same, dismissal of Count V is warranted for failure to state a claim for relief.

## IV.    CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief can be granted against Defendants Owens, Littlejohn, Miller, Brixius or Leslie and dismissal with prejudice is warranted.

Respectfully submitted,

HINKLE LAW FIRM LLC
8711 Penrose Lane, Suite 400
Lenexa, Kansas 66219-8197
913-345-9205/ FAX: 913-345-4832

By:    */s/Michelle R. Stewart*
      Michelle R. Stewart, mstewart@hinklaw.com  #19260

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 18th day of November, 2025, the foregoing *Memorandum In Support of Defendants Owens, Littlejohn, Miller, Brixius or Leslie's Motion To Dismiss Plaintiff's Complaint* was filed electronically with the Clerk of the US District Court for the District of Kansas; and a copy was served via ECF electronic notification and via email upon the following:

Linus L. Baker, #18197 (linusbaker@prodigy.net)
6732 West 185th Terrace
Stilwell, KS 66085-8922
913-486-3913 / Fax 913-232-8734
*Attorneys for Plaintiff*

      */s/ Michelle R. Stewart*
ATTORNEYS FOR DEFENDANTS