IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| Phillip Michael Eravi<br>Plaintiff<br>v.<br>Craig Owens et al<br>Defendants | Case No. 5:25-cv-04074-HLT-ADM |

**PLAINTIFF'S UNOPPOSED MOTION TO MODIFY SCHEDULING ORDER AND EXTEND DEADLINE TO FILE MOTION TO AMEND**

Plaintiff Phillip Michael Eravi, pursuant to Fed. R. Civ. P. 16(b)(4) and 6(b)(1)(A) respectfully moves the Court to modify the Scheduling Order and extend Plaintiff's deadline to file a motion to amend the Complaint from September 10, 2026, to October 9, 2026. Defendants do not oppose the requested relief. In support, Plaintiff states:

1. On August 6, 2026, the plaintiff propounded interrogatories and a request for documents. Due date for those responses would have been prior to the September 10, 2026, due date. Counsel for defendants requested a 30 day extension providing a response date of October 5, 2026.

2. The discovery focused on issues the District Court identified in the Order dated June 2, 2026 (ECF 31). The forthcoming discovery bears on Plaintiff's determination whether amendment is warranted and, if so, the appropriate factual allegations and scope of any proposed amendment.

3. Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." Good cause requires the

movant to show that the scheduling deadline could not reasonably be met despite diligent efforts and to provide an adequate explanation for the delay. *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 988–89 (10th Cir. 2019). Rule 16's good-cause requirement may be satisfied when a plaintiff learns new information through discovery. Id. at 990. Good cause exists here. The need for additional time was discovery-driven. Plaintiff could not reasonably complete his evaluation of whether and how to amend the Complaint by September 10th while awaiting the discovery responses.

4. Plaintiff's conduct demonstrates diligence. Plaintiff sought discovery in time to review and determine whether amendment was necessary prior to the September 10th deadline.

5. The requested extension would not disrupt the remaining case schedule. ECF No. 35. Plaintiff recognizes that D. Kan. Rule 6.1(a) requires a motion for extension of time to be filed as soon as practicable and no less than three days before the specified time. September 7th was a federal holiday and the plaintiff therefore promptly files this motion to obtain formal modification of the Scheduling Order.

6. The present motion is filed before expiration of the underlying amendment deadline. Although it is filed fewer than three days before the deadline, the circumstances favor relief. Defendants agreed to extend their discovery-response deadline to October 5, 2026, do not oppose the requested amendment-deadline extension, and will suffer no prejudice. The requested extension does not affect the remaining case schedule. Plaintiff acted diligently and in good faith by serving

discovery in time to meet the original amendment deadline and by promptly seeking formal modification once Defendants' agreed discovery extension made the original amendment deadline impracticable. The record also demonstrates good faith. Plaintiff had planned to receive discovery responses in time to meet the September 10th deadline.

7. Pursuant to D. Kan. Rule 6.1(a), Plaintiff states that counsel consulted concerning the extension; Defendants agree to the requested October 9th deadline; the original deadline is September 10, 2026; no court-ordered extension of that deadline has previously been entered.

WHEREFORE, Plaintiff respectfully requests that the Court modify the Scheduling Order, ECF No. 35, and extend Plaintiff's deadline to file a motion to amend the Complaint through October 9, 2026.

/s/Linus L. Baker
Linus L. Baker, KS 18197
6732 West 185th Terrace
Stilwell, KS 66085-8922
Telephone: 913.486.3913
Fax: 913.232.8734
E-Mail: linusbaker@prodigy.net
Attorney for the plaintiff

**Certification**

The foregoing was electronically filed with the Clerk of the Court by using the Court's e-Filing system which will send notification of electronic filing to counsel for all parties of record.

/s/ Linus L. Baker